**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHIMIKA GOUDEAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-064-RAW-JAR |
| | ) | |
| OKMULGEE COUNTY CRIMINAL | ) | |
| JUSTICE AUTHORITY; and | ) | |
| OKMULGEE COUNTY BOARD OF | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Defendants' Amended Motion to Dismiss (Docket Entry #15). On June 28, 2022, Plaintiff commenced this case in the District Court in and for Okmulgee County, Oklahoma. Summons were issued to Plaintiff for service upon Defendants on August 19, 2023. Defendants subsequently removed to this Court on February 20, 2023. Within the Notice of Removal, Defendants state that Defendant Okmulgee County Criminal Justice Authority ("OCCJA") was served on January 30, 2023 and Defendant Okmulgee County Board of Commissioners (the "Board") was served on February 2, 2023. Plaintiff then filed an Amended Complaint on March 10, 2023. On March 22, 2023, this case was referred to the undersigned United States Magistrate Judge "for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. Section 636(b) and Fed. R. Civ. P. 72."

Plaintiff alleges she was employed by the OCCJA for 19 years,

1

including assuming the job of Executive Director and Jail Administrator after the suspension of the outgoing Executive Director.    Plaintiff alleges that James Connor, the former Chair of the Board indicated in January of 2017 that "we will never hire n****r to hold that position," referring to Plaintiff for the position of Executive Director.    Mr. Connor allegedly repeated his opposition to Plaintiff being offered the position in 2020.

Plaintiff alleges that on July 23, 2020, the Board and OCCJA meeting in joint session terminated Plaintiff.    Plaintiff alleges that no reason was provided for the termination.

After Plaintiff's termination, on July 9, 2020, the Board hired Shannon Clark, a white man.    Plaintiff alleges she was terminated "to stop a black woman, or a woman in general from taking on the role of Executive Director/Jail Administrator permanently."

Plaintiff brings claims for violation of Title VII, 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the Oklahoma Anti-Discrimination Act.    These claims all allege the common bases of race and sex discrimination.

Defendants first contend that service was insufficient under Fed. R. Civ. P. 12(b)(5) since the requirements of Rule 4(m) for timely service were not met.    Typically, a defendant in an action in federal court must be served within ninety (90) days after the complaint is filed or the action is subject to dismissal.  Fed. R. Civ. P. 4(m).    However, this case was originally filed in Oklahoma state court and subsequently

2

removed to federal court.   In such an instance, "federal courts in removed cases look to the law of the forum state, . . ., to determine whether service of process was perfected prior to removal." Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir. 2010) citing Freight Terminals, Inc. v. Ryder Sys., Inc., 461 F.2d 1046, 1052 (5th Cir.1972). As a consequence, Oklahoma law governs service of this action prior to removal.

Under Oklahoma law, "[i]f service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice . . . ."  Okla. Stat. tit. 12 § 2004(I).[1] The "good cause" exception is also contained in Rule 4(m), which provides

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>
> Fed. R. Civ. P. 4(m).

Clearly, Plaintiff failed to timely serve both OCCJA and the Board under either the Oklahoma statute in effect prior to removal or the

---

[1] Dismissal under the Oklahoma statute is absolute with no provision for a permissive extension absent a showing of "good cause."  The action "shall be deemed dismissed as of 181 days following [filing] if it [is] determined on remand that [plaintiff] did not have good cause for the delay in service." Colclazier & Assoc. v. Stephens, 277 P.3d 1285, 1289 (Okla. Civ. App. 2012).

federal rule governing the time while the case has been pending in federal court.2   OCCJA was served 34 days after the expiration of the 180-day deadline and the Board was served 38 days after the required period.   Plaintiff has offered as "good cause" for failing to timely serve Defendants that Plaintiff received a letter from the Federal Bureau of Investigation ("FBI") which "referenced impending criminal litigation, which had some connection to the current proceedings with Defendants . . . ."   Plaintiff also states that "key witnesses of the Plaintiff had also been sent subpoenas by the FBI regarding the same matter."   Plaintiff then cites to the case of Fischer v. Baptist Health Care of Okla., 14 P.3d 1292 (Okla. 2000) to support her argument that a "fear" constitutes good cause for untimely service.   Plaintiff's reliance is misplaced.   The Court stated that a fear of sanctions for initiating and pursuing a frivolous lawsuit constituted good cause for a delay in service.   Id. at 1293-94.   Plaintiff's "fear" in this case is more amorphous and vague.   An FBI investigation into a matter and witnesses involved does not excuse untimely service and certainly does not constitute good cause.3   Plaintiff could have readily sought an extension for service from the Oklahoma District Court prior to the

---

2 The Tenth Circuit has endorsed the view that a new service period begins under Rule 4(m) after a case is removed. Wallace, 596 F.3d at 707. Defendant filed the Notice of Removal on February 20, 2023. Plaintiff did not effect service under the federal rule within 90 days after that filing. As a result, Plaintiff's "Petition" is subject to dismissal, absent a showing of good cause.

3 These "fears" are also not supported by any affidavit or submission but are merely "[c]ounsel's unsworn representations [that] do not rise to the level of proof of good cause contemplated by the terms of [§2004(I)]." Willis v. Sequoyah House, Inc., 194 P.3d 1285, 1290 (Okla. 2008).

expiration of the deadline but simply failed to act – just as she failed to act to correct the defect in service after removal.  28 U.S.C. § 1448.4  As a result, this Court finds that Plaintiff served Defendants untimely without good cause.

The "failure to show good cause for a mandatory extension of time does not end the inquiry under Fed.R.Civ.P. 4(m)."  The court must consider whether Plaintiff should be afforded a permissive extension of time because of the language of Rule 4(m) that must dismiss for untimely service or order that service be made within a specified time.  Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).

In determining whether a permissive extension is appropriate, the Court may consider several factors: (1) whether the applicable statute of limitations would bar Plaintiffs from refiling the action if it were dismissed; (2) whether Plaintiffs attempted to comply with Rule 4(m); (3) the number of defendants or other complexities of the case that may have made it difficult for Plaintiffs to effectuate service of process; (4) whether a permissive extension would prejudice Defendant; and (5) whether Defendant was evading service of process. Id. at 842.

---

4 Section 1448 provides:  "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

28 U.S.C.A. § 1448.

Preliminarily, it is important to note that Plaintiff did not argue in favor of a permissive extension – only that good cause existed. Similarly, the relative merits weighing on the factors for permissive extension were not argued by Plaintiff. For instance, some of the claims such as the Title VII claim may be time-barred should the Petition be dismissed under Rule 4(m). But Plaintiff did not argue that any claims would be time-barred, forfeiting the argument. Moreover, Plaintiff did not even attempt to comply with either § 2004(I) or Rule 4(m). This case does not present any complexity which might have hindered service. Defendants would be minimally prejudiced because of the passage of time which did not permit them to timely ferret out the facts and their defenses in discovery. Finally, no evidence exists in the record before this Court which would suggest that Defendants attempted to evade service. Plaintiff simply chose to accomplish service of Defendants on her own timetable rather than the one mandated by law. As a result, this Court finds that the factors weighing on the issue of a permissive extension for service tip toward Defendants and the dismissal of this action. *See e.g.* Shepard v. United States Dep't of Veterans Affs., 819 F. App'x 622, 624 (10th Cir. 2020)("Viewing these considerations as a whole, the district court acted within its discretion in denying a permissive extension of time.")

6

This Court need not address the other substantive arguments in the remainder of Defendants' Motion.  Without proper service, this Court is deprived of the appropriate personal jurisdiction over Defendants to proceed with this case.  Okla. Radio Assocs. v. F.D.I.C., 969 F.2d 940, 943 (10th Cir. 1992)("service of process [under Fed.R.Civ.P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." Citing Hukill v. Oklahoma Native Am. Domestic Violence Coal., 542 F.3d 794, 797 (10th Cir. 2008)).

IT IS THEREFORE RECOMMENDED that Defendants' Amended Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry #15) be **DISMISSED WITHOUT PREJUDICE.**

Any objections to these Findings and Recommendation must be filed within fourteen (14) days from the date of service.  Any such objection and any response to the objection shall be limited to ten (10) pages. A reply is permitted only with prior leave of court.

IT IS SO ORDERED this 17th day of October, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE